FILED

**NOT FOR PUBLICATION**

MAY 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY NIXON, | No. 12-36052 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-01292-KI |
| v. | |
| J. E. THOMAS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Federal prisoner Gary Nixon appeals from the district court's judgment

denying his 28 U.S.C. § 2241 habeas petition challenging a prison disciplinary

hearing.  We have jurisdiction under 28 U.S.C. § 1291.  We review the denial of a

section 2241 petition de novo, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2008), and we affirm.

Nixon contends that the Disciplinary Hearing Officer ("DHO") violated his due process rights by refusing to allow Lieutenant Payne to testify on the subject of prison policies regarding the opening of legal mail. The DHO excluded this testimony on the basis that he could independently research the prison's policies. Nixon argues that witness testimony cannot be excluded on this ground. We disagree. Lack of necessity is a proper basis on which to exclude testimony, and the record reflects that Nixon's proposed witness was unnecessary. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

**AFFIRMED.**